UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM REGINA DIXON,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | No.  2:15-cv-2432-CKD<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

I.      BACKGROUND

Plaintiff, born September 23, 1964, applied for SSI benefits on June 7, 2012, alleging disability beginning January 1, 2012.  Administrative Transcript ("AT") 27, 40, 62-63, 72-74, 83, 147-56, 170.  Plaintiff alleged she was unable to work due to high blood pressure, arthritis, gout,

////

////

1

and acid reflux. AT 62. In a decision dated May 30, 2014, the ALJ determined that plaintiff was not disabled.[1] AT 24-30. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in Substantial Gainful Activity (SGA) since June 7, 2012, the application date.
>
> 2. The claimant has the following severe impairments: obesity, asthma, left knee disorder, hypertension, and right shoulder disorder with decreased range of motion, and disorder of the back.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the Residual Functional

---

[1]     Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987). The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

   The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

Capacity (RFC) to perform a wide range of light work as defined in 20 CFR 416.967(b). She can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 4 hours in an 8-hour workday, sit 6 hours in an 8-hour workday, use of left lower extremity for foot control operation is limited to frequent, never climb ladders, ropes, or scaffolds, occasionally climb ramps or stairs, crouch, or kneel, and frequently crawl and reach overhead. In addition, she must avoid moderate exposure to pulmonary irritants and poorly ventilated areas.

5. The claimant cannot perform any Past Relevant Work (PRW).

6. The claimant was born on September 23, 1964 and was 47 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable job skills.

9. Considering the claimant's age, education, work experience, and Residual Functional Capacity (RFC), there are jobs that exist in significant numbers in the National Economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since June 7, 2012, the date the application was filed.

AT 26-30.

II. ISSUES PRESENTED

Plaintiff's sole argument is that the ALJ erred because he improperly found plaintiff's testimony regarding the extent of her pain and symptoms to be less than fully credible.

III. LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th

1 Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is
2 responsible for determining credibility, resolving conflicts in medical testimony, and resolving
3 ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).
4 "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one
5 rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

6 The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th
7 Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's
8 conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not
9 affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see
10 also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the
11 administrative findings, or if there is conflicting evidence supporting a finding of either disability
12 or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,
13 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in
14 weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

15 IV.    ANALYSIS
16       A.    *The ALJ's Adverse Credibility Determination was Proper and Supported by*
17             *Substantial Evidence from the Record*

18 Plaintiff's sole argument is that the ALJ erred by determining that plaintiff's testimony
19 regarding the intensity, persistence, and limiting effects of her symptoms was not entirely
20 credible.

21 The ALJ determines whether a disability applicant is credible, and the court defers to the
22 ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g.,
23 Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an
24 explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v.
25 Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be
26 supported by "a specific, cogent reason for the disbelief").

27 In evaluating whether subjective complaints are credible, the ALJ should first consider
28 objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341,

1  344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ
2  then may consider the nature of the symptoms alleged, including aggravating factors, medication,
3  treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the
4  applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent
5  testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a
6  prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d
7  1273, 1284 (9th Cir. 1996); see generally SSR 96-7p; SSR 95-5p; SSR 88-13.  Work records,
8  physician and third party testimony about nature, severity and effect of symptoms, and
9  inconsistencies between testimony and conduct also may be relevant.  Light v. Social Security
10 Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly
11 debilitating medical problem may be a valid consideration by the ALJ in determining whether the
12 alleged associated pain is not a significant non-exertional impairment.  See Flaten v. Secretary of
13 HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part, on his or her own
14 observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot
15 substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).
16 "Without affirmative evidence showing that the claimant is malingering, the Commissioner's
17 reasons for rejecting the claimant's testimony must be clear and convincing."  Morgan v.
18 Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).
19     Here, the ALJ found plaintiff's pain and symptom testimony to be less than fully credible
20 based on the following rationale:

> The undersigned finds [plaintiff] not credible as she did not seek
> treatment with a frequency commensurate with the alleged severity
> of her pain.  To the contrary, she sought treatment on only 4
> occasions in the span of 17 months.  Further, the x-rays did not
> result in any findings to explain the alleged pain.  Finally, the
> evidence contains little to no symptoms or limitations resulting
> from her tobacco use or obesity.  Nonetheless, the undersigned
> finds these conditions caused more than minimal impairments
> because her treating physicians repeatedly diagnosed them.

27 AT 28-29.  These were clear and convincing reasons for discounting plaintiff's testimony that
28 were supported by substantial evidence from the record.

First, the ALJ determined that the infrequent treatment plaintiff received did not credibly correspond to the degree of pain and limitation plaintiff asserted. This was a proper reason for discounting plaintiff's pain and symptom testimony that was supported by substantial evidence from the record. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); Flaten, 44 F.3d at 1464; SSR 96-7p ("[T]he individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints . . . ."). As the ALJ noted, the record shows that plaintiff sought medical care from her treating physicians on only four occasions, only two of which occurred during the relevant period, and that there existed a roughly seven month span between her second and third visits, and a nine month span between her third and fourth visits.[2] AT 219-32, 254-60.[3] Such evidence sufficiently supported the ALJ's conclusion that plaintiff's testimony that she suffered from debilitating pain and symptoms was less than fully credible.

Plaintiff argues that the ALJ could not have properly relied on the fact that plaintiff received sparse treatment as a reason to discount her complaints because her testimony shows that she suffered from flare ups in the debilitating symptoms associated with her gout about twice a month. Therefore, plaintiff asserts, the lack of frequent treatment was still consistent with her claims of debilitating pain and symptoms because the nature of her impairments required treatment only when she suffered flare ups. This argument, however, is not supported by the

---

[2] The record also shows that plaintiff received treatment on September 19, 2014, and prior to the relevant period in 2007 and 2009. AT 272-90. However, plaintiff first submitted evidence of these visits to the Appeals Council after the ALJ had issued his decision. AT 2, 6, 272. While the court is required to consider this additional evidence as part of its review of the ALJ's decision, Brewes v. Comm'r of Soc. Sec., 682 F.3d 1157, 1163 (9th Cir. 2012), it does not undermine the ALJ's reasoning in any meaningful fashion. Indeed, the sole instance of additional treatment that occurred after plaintiff's alleged onset date took place on May 2, 2014, over a year since plaintiff's then-most recent appointment documented in the record. AT 273-77. Furthermore, the other records plaintiff submitted to the Appeals Council similarly indicate that plaintiff received only sporadic treatment in the years prior to her alleged onset date. See AT 278-90. In short, this additional evidence further supports the ALJ's determination that there existed large gaps in plaintiff's treatment records that indicated that plaintiff's impairments were not as debilitating as she alleged.

[3] Plaintiff was also seen by consultative examining physician Dr. Schwartz on November 19, 2012. AT 242-45. However, that visit was for the sole purpose of providing an examining physician's opinion in connection with plaintiff's SSI application, not providing treatment for plaintiff's impairments.

1  record, or even plaintiff's own claims. Indeed, plaintiff's treatment records that were before the
2  ALJ show that she received treatment on only two occasions during the relevant period with a
3  nine month span between those visits. See AT 221-22, 254-55. Therefore, even assuming that
4  plaintiff suffered twice monthly flare ups in her symptoms, the ALJ still could have reasonably
5  concluded that the infrequency of plaintiff's treatment undermined her testimony regarding the
6  severity of her pain and symptoms. Moreover, plaintiff herself claimed that the cumulative
7  symptoms from all of her alleged impairments caused her to suffer impairments to the disabling
8  degree that she alleged on a consistent basis. See AT 62, 242. She did not claim that only her
9  gout caused such limitations and only when she experienced flare ups in her symptoms stemming
10 from that impairment. At the hearing, plaintiff testified as to the extent of her limitations on a
11 day-to-day basis; she did not specify the degree to which she was limited on a typical day versus
12 when she experienced flare-ups. See AT 48-49. In short, there is no support for plaintiff's
13 argument that it was improper for the ALJ to consider the infrequency of plaintiff's treatment
14 under the circumstances.

15     Second, the ALJ also properly determined that plaintiff's x-rays did not support her claims
16 of disabling pain and symptoms. Indeed, the x-ray results in the record show that plaintiff had
17 "normal bilateral shoulders" and only minimal degenerative changes with regard to her knees, AT
18 231-32, thus undermining plaintiff's claims that she suffered from debilitating shoulder and knee
19 impairments. Although lack of medical evidence cannot form the sole basis for discounting
20 plaintiff's subjective symptom testimony, it was nevertheless a relevant factor for the ALJ to
21 consider. Burch, 400 F.3d at 681. Accordingly, in light of the ALJ's proper determination that
22 plaintiff's sporadic treatment undermined her pain and symptom testimony, the ALJ did not err
23 by considering such evidence as an additional reason in support of his adverse credibility
24 determination.[4]
25 /////
26

---

27 [4] The ALJ also provided other reasons for discounting plaintiff's credibility. Because the reasons
28 discussed above were proper and supported by substantial evidence, the court finds it unnecessary to address the ALJ's additional reasons.

V.   CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 13) is granted; and

3. Judgment is entered for the Commissioner.

Dated:  June 28, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

11 dixon2432.ss